UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERGIO ESTEBAN
DOMINGUEZ CRUZ,

      Petitioner,

v.

KEVIN RAYCRAFT, *et. al.*,

      Respondents.

_____ /

Case No. 26-11424

Hon. F. Kay Behm
United States District Judge

## MEMORANDUM OPINION AND ORDER GRANTING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1)

On April 29, 2026, Sergio Esteban Dominguez Cruz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being unlawfully detained by Respondents at the Monroe County Jail in Monroe, Michigan, in violation of the Immigration and Nationality Act ("INA") and the Due Process clause of the Fifth Amendment.  ECF No. 1.  This case is one more instance of hundreds of challenges in this state to noncitizen detention arising out of the Department of Homeland Security's current interpretation of the Immigration and Nationality Act.

1

After he filed his Petition, the Sixth Circuit issued a published decision in *Lopez-Campos v. Raycraft*, No. 25-1965, -- F.4th --, 2026 WL 1283891 (6th Cir. May 11, 2026).  That case considered the same grounds for relief that Petitioner asserts here, and concluded that (1) the government did not lawfully detain petitioners under § 1225(b)(2)(A), and (2) that the petitioners' detention without a bond hearing violated their Fifth Amendment due process rights.  *Lopez-Campos*, 2026 WL 1283891, at *1.  Thus, noncitizens similarly situated to Petitioner are entitled to an individualized bond hearing.  *See id.* at *3.

Respondents, the Secretary of the United States Department of Homeland Security, and Immigration and Customs Enforcement Detroit Field Office Director Kevin Raycraft, do not contest any of Petitioner's arguments.  ECF No. 4.  They argue only that the Petition was rendered moot by *Lopez-Campos* because there is no longer a dispute between the parties regarding whether petitioner is eligible to seek release on bond from an immigration judge under 8 U.S.C. § 1226.  ECF No. 4, PageID.31.  Petitioner did not file a reply.

For the reasons below, the court finds that oral argument is not necessary to decide the petition pursuant to LR 7.1(f)(2), **GRANTS** the petition for a writ of habeas corpus, and orders that Petitioner receive a bond hearing as provided under 8 U.S.C. § 1226, or else be released immediately.

## I.   FACTUAL BACKGROUND

The relevant facts are straightforward.  Petitioner is a citizen of Mexico who has resided in the United States for over seventeen years and lives in Ann Arbor, Michigan.  He is a long-time member of the Holy Redeemer church and a member of the LGBTQ community. Petitioner came to the United States to seek the freedom to live as himself, where he has found his partner with whom they share a home in Ann Arbor, Michigan.  Petitioner is gainfully employed as a general laborer and has worked for several staffing companies over the years.

He was arrested by ICE in January 2026, who initiated removal proceedings on the basis that he had entered the United States without inspection.  8 U.S.C. § 1182(a)(6)(A)(i); ECF No. 1.[1]  Petitioner

---

[1] All facts are taken from the Petition, and are not contested for purposes of the issues presented.

subsequently requested a bond hearing before an IJ.  On March 22, 2026, the IJ issued a decision that the court lacked jurisdiction to conduct a bond hearing because Petitioner was an applicant for admission under 8 U.S.C. § 1225(b)(2)(A).  The IJ did not make any factual findings or in any way suggest that Petitioner is a flight risk or danger to the community.

## II.   ANALYSIS

Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement."  *Fay v. Noia*, 372 U.S. 391, 400 (1963).  A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law.  28 U.S.C. § 2241.

Respondents admit that the Sixth Circuit's recent decision is controlling law.  Respondents do not contest they are properly named.  And Respondent Raycraft, as the person with the power to order Petitioner's release and provide a bond hearing, is properly named as the individual with "immediate" custody of Petitioner.  *See Cervantes-*

4

*Munoz v. Raycraft*, No. 26-10661, -- F.Supp.3d ---, 2026 WL 1031322, at *2 (E.D. Mich. Apr. 16, 2026).

According to Respondents, *Lopez Campos* renders Petitioner's claims in this case moot because there is no longer a dispute between the parties regarding whether petitioner is eligible to seek release on bond from an immigration judge under 8 U.S.C. § 1226.  ECF No. 4, PageID.31.  Respondents indicate that Petitioner may obtain a bond hearing by requesting it, and that the immigration court will promptly schedule a hearing.

Respondents do not cite any authority for their argument that an intervening decision by a higher court moots this proceeding, rather than simply representing controlling law now governing the outcome. It is also factually the case that Petitioner has already requested a bond hearing, but was denied one, and no party has indicated he has in fact received a bond hearing.  *See* ECF No. 1, PageID.6.  A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 166 (2013).  As "long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.*  Until

5

Petitioner receives his bond hearing, this case is not moot. *See Gutierrez-Lopez v. Raycraft*, No. 26-11143, 2026 WL 1412995, at \*1 (E.D. Mich. May 20, 2026) (finding petitioner's claims for habeas relief were not moot under *Lopez-Campos* and ordering a bond hearing or release). Further, these same Respondents have indicated in other cases that they are evaluating their appellate options in *Lopez-Campos*, which indicates they still functionally oppose the relief sought. *See Torres v. Hoover*, No. 4:26-CV-00998-DCN, 2026 LX 255868, at \*3 (N.D. Ohio May 19, 2026) ("Respondents state that they are evaluating their appellate options in *Lopez-Campos*, but that the decision 'is binding on this Court and controls the outcome of this matter.'"). Finally, Respondents waived any arguments regarding administrative exhaustion by failing to develop them beyond their conclusory mootness argument. On the merits, Petitioner already exhausted his administrative remedies by requesting a bond hearing, which was denied. ECF No. 1, PageID.6.

In all other respects, *Lopez-Campos* controls this case. Petitioner's detention without bond violates the Immigration and Nationality Act. *Lopez-Campos v. Raycraft*, 2026 WL 1283891, at \*11.

6

8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to him.  Instead, section 1226(a) is the appropriate statutory framework for determining bond for noncitizens who are already in the country.  Petitioner has resided in the United States for seventeen years and was not arrested upon arrival at the U.S. border or a port of entry.  Under § 1226(a), Petitioner is entitled to a bond determination hearing.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1); *Lopez-Campos v. Raycraft*, 2026 WL 1283891, at *11.  His habeas petition will thus be granted, and Respondents will be directed to provide Petitioner with a bond hearing under § 1226(a) or otherwise release him.

Petitioner's detention also violates the Due Process Clause of the United States Constitution.  As the Sixth Circuit held:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903).  Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal]

> proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003).  Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 2026 WL 1283891, at *11.

Petitioner's detention without bond is independently unlawful on that basis.  And Petitioner's Due Process claims are likewise not moot because he was, in fact, denied an opportunity to be heard when he previously requested a bond hearing, and his claims are not moot until he receives the bond hearing to which he is constitutionally entitled.

## III.  CONCLUSION

Therefore, the court **GRANTS** the petition for writ of habeas corpus (ECF No. 1).  It is therefore **ORDERED** that:

1. Respondents shall provide Petitioner with a bond hearing under § 1226(a) on or before **May 26, 2026**, or otherwise release him; and

2. Respondents shall file a status report to certify compliance with this order on or before **May 28, 2026**.  The status report shall detail when Petitioner was released or when his

bond hearing occurred, if bond was granted or denied, and—
if bond was denied—the reasons for the denial.

As the prevailing party, Petitioner is **AWARDED** fees and costs
under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C.
§ 2412.  The court retains jurisdiction to enforce the terms of this order.

**SO ORDERED**.

Date: May 21, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge

9